**STATE ex BETTMAN etc v WAGNER**

Ohio Appeals, 9th Dist, Summit Co
No 1661. Decided Feb 6, 1930

Gilbert Bettman, Atty General, Oscar Brown, Cleveland, Don Isham, Pros. Atty., Akron and Luther A. Park, Akron, for State ex.

Motz & Morris, Cuyahoga Falls, for Wagner.

## PER CURIAM

From a careful examination of the record, we find that the trial court did not err, as claimed by plaintiff, when it found that the verdict rendered by the jury was not against the weight of the evidence, and that the court did not err when it refused to order a directed verdict in favor of the plaintiff at the close of all of the evidence.

So, did the trial court err, as claimed, in refusing to give plaintiff's request 1, 2 and 3 before argument, and in giving the defendant's several requests before argument, and in its general charge?

The court was right in refusing to give plaintiff's request No. 1 before argument, because it states that the defendant would be liable if he "had in his employ three or more workmen regularly employed in the conduct of his business."

The evidence shows that defendant was engaged in the coal business in the winter time and that he built one or two houses a year in the summer time, and that Kilgore was injured doing some carpenter work for defendant upon a garage connected with one of said houses. This request tied the two businesses together, when the law requires the workmen or operatives to be regularly employed in the same business, etc. For this reason plaintiff's request No. 1 was erroneous and defendant's request No. 1 was proper.

Plaintiff's special request No. 2 was properly refused because it was based upon the "accidental" employment of Edgar Schlenk. An accidental employment, of course, could not be used to help determine the liability of defendant.

Plaintiff's special request No. 3 was properly refused because again it improperly connects the defendant's two businesses together and attempts to predicate a liability of the defendant upon having three or more employees in both, instead of three or more in the one business where Kilgore was employed and injured.

It is contended that the court erred in the special requests given to the jury before argument at the instance of the defendant, and in the general charge, upon the subject of what would constitute "regular employment"—the court charging in effect that to constitute regular employment it would have to be continuous and essential to the conduct of the business, and that the character of the employment and work, rather than the duration of the service, constitutes the test as to whether the employment was regular.

In so charging we think the court was in error; but in view of the undisputed evidence, such error was not prejudicial.

One who, in and about his establishment or in the conduct of the business in which he is engaged, makes it a general practice to employ and have in service three workmen or more, is required to comply with the workmen's compensation law; if he has two workmen so regularly in service, and a third occasionally, for short periods, he is not required to comply with said law.

The record in this case discloses that the business involved was the business of constructing houses and that there was no establishment involved, and that there was no conflict in the evidence as to the fact that the defendant had in service, in addition to the two workmen regularly employed, a third workman, who, in the conduct of the business of the defendant, worked but occasionally and but for short periods of time, and was therefore not regularly employed in the conduct of said business.

We do not find any errors in the record which are prejudicial to the plaintiff. The judgment is therefore affirmed.

Funk, PJ., Pardee, J., and Washburn, J., concur.